**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 10 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOYCE MONTABON,

Plaintiff-Appellant,

v.

CITY AND COUNTY OF DENVER,

Defendant-Appellee.

No. 02-1562
(D.C. No. 00-WM-2258 (BNB))
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **MURPHY** , **HARTZ** , and **McCONNELL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Joyce Montabon appeals the district court's grant of summary judgment in favor of defendant City and County of Denver on her claims alleging gender discrimination under Title VII, 42 U.S.C. §§ 2000e through 2000e-17, for gender discrimination, and retaliation for complaining about violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621-34. [1] Montabon's gender discrimination claims were based on hostile work environment and disparate treatment. In granting the City's motion for summary judgment, the district court held that: (1) Montabon's hostile work environment claim fails because she is simply complaining about the general environment in which she worked and she has not adequately linked any of her complaints to gender; (2) Montabon's disparate treatment claim fails because she does not offer any evidence that other similarly-situated male employees were treated differently; (3) Montabon's ADEA claim fails because she cannot demonstrate that she engaged in protected activity in opposition to discrimination. We review the district court's grant of summary judgment de novo, applying the same standard under Fed. R. Civ. P. 56(c) as the district court. *See Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

---

[1] The district court also granted summary judgment in favor of the City on Montabon's Fair Labor Standards Act (FLSA) claim, but Montabon did not appeal that judgment. *See* Aplt's Br. at 5.

On appeal, Montabon raises the following issues: "(1) Could the treatment of the plaintiff-appellant be viewed as sexually discriminatory under Title VII, [under] either hostile work environment or disparate treatment? (2) Viewing the evidence in the light most favorable to the plaintiff, did she complain about age discrimination? (3) Could a jury have found that plaintiff-appellant's age discrimination complaints resulted in retaliation?" Aplt's Br. at 5.

After careful review of the record on appeal and the applicable legal standards, we conclude that the district court correctly decided this case. Therefore, we AFFIRM the district court's judgment for the reasons stated in its thorough Order dated November 27, 2002.

Entered for the Court

Michael W. McConnell
Circuit Judge